

FILED

2006 DEC -7  AM 9: 23

SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CUNNINGHAM,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>I. CLAY, Warden,<br><br>　　　　　　　　Respondent. | Civil No.   06-2168 JM (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION TO DISMISS WITHOUT PREJUDICE; and**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

    On September 29, 2006, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 17, 2006, the Court sent Petitioner a document entitled "Notice Regarding Possible Failure to Exhaust and One Year Statute of Limitations" which notified Petitioner of his obligation under 28 U.S.C. § 2254(b)[1] to exhaust his state court remedies

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
　　(A) the applicant has exhausted the remedies available in the courts of the State; or
　　(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
　(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Dockets.Justia.com

and the one-year statute of limitations, contained in 28 U.S.C. § 2244(d)[2] which applies to petitions filed pursuant to 28 U.S.C. § 2254. (*See* doc. no. 2.)

## MOTION TO DISMISS

The Notice sent to Petitioner stated that Petitioner was not required to take any action and that the Court had not yet determined whether any of Petitioner's claims were unexhausted. (*See* doc. no. 2.) Nevertheless, on November 13, 2006, Petitioner filed a Notice and Request for Dismissal Without Prejudice to Exhaust Habeas Corpus Claims. (*See id.*) Petitioner states in his declaration in support of his motion that "[u]pon further examination of my claims, I have found that I am still within the statute of limitations and I have, I believe, an unexhausted claim in my CLAIM TWO" and that he "believe[s] it is in the best interest of all concerned that I attempt to exhaust my CLAIM TWO with the state court below." (*See* Decl. in Supp. of Mot. to Dismiss at 1.) Based on the assertions Petitioner makes in his declaration, the Court **GRANTS** Petitioner's motion to dismiss his petition without prejudice.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has also filed a motion to proceed in forma pauperis in response to the Court's October 17, 2006 dismissal Order. Because the Court has granted Petitioner's motion to dismiss his case without prejudice, the Court **DENIES** Petitioner's motion to proceed in forma pauperis as moot.

IT IS SO ORDERED.

DATED: 12/4/06

Jeffrey T. Miller
United States District Judge

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.